IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **ROBERT EARL MORGAN,** § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:06-CV-286-Y |
| § | |
| **NATHANIEL QUARTERMAN, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| Respondent. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Robert Earl Morgan, TDCJ-ID #1172262, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Tennessee Colony, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

On April 25, 2002, Morgan was charged by indictment with murder in the Criminal District

Court Number Three of Tarrant County, Texas, Cause No. 0835687D. (State Habeas R. at 59.) Morgan waived his right to a jury trial and entered an open plea of guilty to the offense. (*Id*. at 60-70.) On May 27, 2003, after a hearing, the trial court assessed his punishment at sixty years' confinement.[1] (*Id.* at 71-72.) Morgan appealed his conviction, but the Second District Court of Appeals affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused Morgan's petition for discretionary review. *Morgan v. Texas*, No. 2-03-212-CR, slip op. (Tex. App.–Fort Worth Apr. 8, 2004) (not designated for publication); *Morgan v. Texas*, PDR No. 617-04. Morgan did not seek writ of certiorari. (Petition at 3.) Morgan filed a state application for writ of habeas corpus, raising one or more of the claims presented herein, which was denied by the Texas Court of Criminal Appeals with written order on the findings of the trial court on January 25, 2006. *Ex parte Morgan*, Application No. WR-63,786-01, at cover. Morgan filed this federal petition for writ of habeas corpus on April 19, 2006.[2]

### D. ISSUES

Morgan claims that the evidence is legally and factually insufficient to sustain his murder conviction and that he was denied effective assistance of counsel during the punishment phase. (Petition at 7-7A.)

### E. RULE 5 STATEMENT

Quarterman believes that Morgan has sufficiently exhausted his state remedies as required

---

[1] Morgan also pled guilty to arson in Cause No. 0836634D on the same date. In that case, the trial court assessed his punishment at twenty years' confinement, said sentence to run concurrently with his sixty-year sentence.

[2] A pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

by 28 U.S.C. § 2254(b)(1).  (Resp't Answer at 4.)

F. LEGAL STANDARD FOR GRANTING HABEAS CORPUS RELIEF

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.  28 U.S.C. § 2254(d).  A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case.  *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings.  *Hill*, 210 F.3d at 485.  Factual determinations by a state court are presumed correct.  *See* 28 U.S.C. § 2254(d)(2), (e); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399.  The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion, as in this case, it is an adjudication on the merits, which is entitled to the presumption.  *Bledsue v. Johnson*, 188 F.3d 250, 256-57 (5th Cir. 1999); *Ex parte*

*Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

### H. DISCUSSION OF THE ISSUES

#### 1. Sufficiency of the Evidence

Morgan claims the evidence is both legally and factually insufficient to support his murder conviction. (Petition at 7.) This claim fails for two reasons. First, no federal constitutional issue is raised by the failure of the Texas state courts to require evidence of guilt corroborating a voluntary plea. *Smith v. McCotter*, 786 F.2d 697, 702 (5th Cir. 1986) (quoting *Baker v. Estelle*, 715 F.2d 1031, 1036 (5th Cir. 1983)). Second, Morgan waived, in writing, the requirement that the state introduce evidence showing his guilt, signed a judicial confession admitting that he committed the offense as alleged in the indictment, and affirmed the confession under oath in open court. (State Habeas R. at 60-69.) *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); TEX. CODE CRIM. PROC. ANN. art. 1.15 (Vernon 2005). Under Texas law, a judicial confession standing alone is sufficient evidence of guilt in a felony case in which a defendant waives a jury and pleads guilty to the trial court. *Dinnery v. Texas*, 592 S.W.2d 343, 353 (Tex. Crim. App. [Panel Op.] 1980) (op. on reh'g).

#### 3. Ineffective Assistance of Counsel

Morgan claims he was denied his right to effective assistance of counsel during the punishment phase because counsel (1) made promises he had no intention of living up to, (2) allowed him to plead guilty when his plea was not voluntary, (3) failed to object to testimony of the state's expert witness, and (4) failed to prepare him for trial by not showing him the presentence investigation report. (Petition at 7-7A.)

A criminal defendant has a constitutional right to the effective assistance of counsel at trial.

4

U.S. CONST. amend. VI, XIV; *Strickland v. Washington*, 466 U.S. 668, 688 (1984). An ineffective assistance claim is governed by the standards set forth in *Strickland v. Washington*. 466 U.S. at 668. To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for the substandard performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Id.* at 687, 697. In applying this standard, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id.* at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689.

After conducting a hearing by affidavit, the state habeas judge, who also presided over Morgan's trial, entered findings refuting Morgan's ineffective assistance claims and concluded that Morgan had not met his burden under the *Strickland* standard. (State Habeas R. at 50-54.) Based on those findings, the Texas Court of Criminal Appeals rejected Morgan's claims. Morgan has failed to rebut the presumptive correctness of the state habeas court's findings, which are fairly supported by the record, by clear and convincing evidence. Unsubstantiated allegations of ineffective assistance are insufficient to support an ineffective assistance claim. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) (providing that, absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his petition, unsupported by anything else contained in the record, to be of probative evidentiary value).

## II.  RECOMMENDATION

Based upon the foregoing discussion, Morgan's petition should be denied.

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED
### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until April 25, 2007.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until April 25, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to

the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 4, 2007.

          /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE